IN RE APPLICATION OF WELLS FARGO ARMORED SERVICE
CORPORATION OF NEBRASKA, INC.
WELLS FARGO ARMORED SERVICE CORPORATION OF
NEBRASKA, INC., APPELLEE, v. BANKERS DISPATCH
CORPORATION, APPELLANT.
198 N. W. 2d 195
Filed June 9, 1972.  No. 38272.

W. W. Wallin and Acklie & Peterson, for appellant.

James E. Ryan, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

CLINTON, J.

This is an appeal from an order of the Nebraska State

Railway Commission granting the application of the appellee, which we will refer to herein as Wells Fargo, for a permit to operate as a contract carrier intrastate under the provisions of section 75-311, R. R. S. 1943. The appellant, which we will refer to as B.D.C., was the sole protestant before the commission and is the holder of a certificate as a common carrier intrastate of certain commodities which include those authorized under the permit granted Wells Fargo.

The permit to Wells Fargo authorized the carriage of audit and accounting media, business records, cash letters, checks, data processing media, and microfilm over irregular routes between all points in Nebraska subject to the restriction that, "All transportation . . . must originate or terminate at the facilities of the following:" (here in the order are named eight certain financial institutions located in Omaha, Lincoln, and Beatrice, Nebraska). A further restriction was added at the time B.D.C.'s motion for reconsideration was overruled and it was that Wells Fargo, ". . . may not contract for services authorized by this permit except with the above-named banking institutions."

Under the provisions of section 75-311, R. R. S. 1943, the issues before the commission were: (1) Was the proposed service that of a contract carrier; (2) if it was, whether Wells Fargo was fit, willing, and able to perform the service; and (3) whether the service would be consistent with the public interest.

In support of its order granting the permit the commission made a detailed opinion and affirmative findings on all of these issues.

On this appeal we review the findings, order, and record in the light of the principles we now set forth. On appeal from the Nebraska State Railway Commission, judicial review is limited to a determination whether the commission acted within the scope of its authority and whether the order in question was reasonable and not arbitrarily made. Wells Fargo Armored Car Service

Corp. v. Bankers Dispatch Corp., 186 Neb. 261, 182 N. W. 2d 648. A contract carrier is one, other than a common carrier, which furnishes transportation service to meet the special needs of the individual shipper or shippers. § 75-302, R. R. S. 1943. In other words, the commission is required to weigh the special needs of shippers desiring contract carrier service against the adequacy of existing common carrier service. The effect on protesting carriers of a grant of the application and the effect on shippers of a denial are factors to be weighed in determining if the grant of the application would be consistent with the public interest. Hagen Truck Lines, Inc. v. Ross, 174 Neb. 646, 119 N. W. 2d 76.

In considering an application for a permit to operate as a contract carrier, the burden is upon the applicant to show that the proposed service is specialized and fits the need of the proposed contracting shippers, that the applicant is fit, willing, and able to perform the service, and that the proposed operation will be consistent with the public interest. Samardick of Grand Island-Hastings, Inc. v. B.D.C. Corp., 183 Neb. 229, 159 N. W. 2d 310. Where the transportation of specified commodities can be performed as well by common carriers as by contract carriers, a need for contract carriers is not established. Samardick of Grand Island-Hastings, Inc. v. D.B.C. Corp., *supra.* If competent proof is made by the applicant showing the proposed service to be specialized and needed, and is protested by common carriers showing a willingness and ability to perform it, the applicant must then establish that he is better equipped and qualified to meet the special needs of the proposed contracting shippers than the protesting common carriers. Samardick of Grand Island-Hastings, Inc. v. B.D.C. Corp., *supra.* The adequacy of existing services to perform the normal needs of proposed contracting shippers is not conclusive where the new service is better designed to fit the special requirements of the proposed contracting shippers. Samardick of Grand Island-Hastings, Inc. v.

B.D.C. Corp., *supra*. Where there is evidence to sustain the factors for and against the issuance of a permit to a contract carrier, which is required to be considered by the Nebraska State Railway Commission by sections 75-301 and 75-311, R. R. S. 1943, the determination of the public interest is for the commission and not the courts. Samardick of Grand Island-Hastings, Inc. v. B.D.C. Corp., *supra*.

The evidence clearly does support the finding by the commission that the proposed service is specialized and designed to meet the needs of specific shippers. The evidence shows that Wells Fargo has entered into contracts with the eight financial institutions. Representatives of these eight organizations testified on behalf of Wells Fargo and their testimony supports the following conclusions and findings. These organizations furnish computer service for various banks scattered throughout the State of Nebraska. This service includes the pick up from and redelivery to the bank being served all of the items authorized to be transported. If such service is to be performed efficiently and effectively the commodities must be delivered to the computer on schedule and the results picked up on schedule so as to be returned to the bank being served so that they can be used in the next day's transactions. The evidence further supports the finding by the commission that deficiencies exist in the existing common carrier service including: Late deliveries, unwillingness to service correspondents who desire the service, discontinuance of schedules on short notice, unavailability of personnel to telephone communication, and unsatisfactory basis of charges. Most of the witnesses testified that they would not again use the services of B.D.C., but would make other arrangements such as furnishing their own carrier service.

The commission found from the evidence that Wells Fargo had been serving the eight institutions under "color" of authority as defined in Preisendorf Transp., Inc. v. Herman Bros., Inc., 169 Neb. 693, 100 N. W. 2d

865. All of the witnesses from the contracting banks testified that the service of Wells Fargo met their special requirements in a highly satisfactory manner. Some stated that continued service from Wells Fargo was important or critical to their business and that alternative modes were not satisfactory. The commission finding that Wells Fargo was fit, willing, and able to perform the services is not unreasonable or arbitrary.

The commission made a finding that although the protestant might lose some revenue by reason of the grant of the application this was conjectural and the revenue already lost was attributable in part to unsatisfactory service; and that denial of the application would have an adverse effect on the supporting shippers which would not be in the public interest. This finding is supported by the evidence.

B.D.C. contends Wells Fargo is not fit to perform the service because after the opinion of this court in Wells Fargo Armored Service Corp. v. Bankers Dispatch Corp., *supra*, Wells Fargo continued to perform services as a contract carrier in violation of the mandate in that case. A complaint by B.D.C. to the commission for such violation was consolidated before the commission for trial with the application here being considered. Because of the admitted violation by Wells Fargo the commission imposed as part of its order a suspension of the permit granted, ". . . for a period of fifteen (15) days after the rates for the proposed service have been approved by the commission." We concur with the conclusion of the commission that past unlawful actions do not necessarily bar on the grounds of unfitness future grants of operating authority if the public interest will best be served by approval. Preisendorf Transp., Inc. v. Herman Bros., Inc., *supra*.

One other matter should be noted. B.D.C. argues that Wells Fargo could transport cash letters from all of the state's banks by entering into an arrangement whereby the contracting bank would pay the freight charges

for transportnig cash letters from the noncontracting banks to the eight contracting banks. With reference thereto the commission found that if these speculative arrangements came to pass they were matters for enforcement in the future. We concur.

AFFIRMED.